

# HALLORAN
# &SAGE LLP
ATTORNEYS AT LAW

RECEIVED

Nov 14  11 45 AM '03

BRIAN P. LEAMING  Direct 860 297-4655  leaming@halloran-sage.com

CHAMBERS
ROBERT N. CHATIGNY
U.S. DISTRICT JUDGE

November 13, 2003

The Honorable Robert N. Chatigny
United States Chief Judge
United States District Court
450 Main Street
Hartford, CT 06103

    Re:   Shawn Cammorto v. Danbury Porsche, et al
           Civil Action No. 3:02CV847 (RNC)
           Our File No.   :   08858.0407

Dear Judge Chatigny:

    In accordance with the Court's *Order Regarding the Case Management Plan*, dated September 26, 2003, the undersigned counsel, on behalf of defendants, Danbury Porsche, Josh Weeks and Paul Burkman, respectfully request a pre-filing conference or, alternatively, authority to proceed with the filing of a Motion for Summary Judgment as to all claims in the operative complaint.

    As Magistrate Judge Martinez noted in her recommended ruling on the defendants' Motion to Dismiss, the pro se complaint is not artfully drafted. Nevertheless, the Court construed the complaint as advancing claims of malicious prosecution, false imprisonment, defamation, and possibly a claim related to the training and supervision of employees of Danbury Porsche. The anticipated basis for the defendants' motion is as follows.

    The plaintiff is presently in the custody of the New York State Department of Corrections following a conviction on unrelated charges. According to the New York State Department of Corrections, the defendant will be eligible for parole on August 28, 2005. The plaintiff has alleged that a Danbury arrest warrant has caused his continued incarceration. It is the defendants' position, however, that the only detainer in the plaintiff's file is from the Stamford Police Department. Upon the plaintiff's release from the New York Department of Correction, the Stamford Police Department will have the option of extraditing the plaintiff from New York to Connecticut. There is a signed valid arrest warrant for the plaintiff from the Danbury Police Department, but no detainer has been placed on him. The Danbury arrest warrant has not yet been served on the plaintiff and will not be until he arrives in Connecticut. In view of these facts, the plaintiff's claims cannot be sustained.

One Goodwin Square, 225 Asylum Street, Hartford, Connecticut 06103    860 522-6103    Fax 860 548-0006    www.halloran-sage.com
Hartford / Middletown / Westport / Washington, D.C.

Page 2

First, in order for the plaintiff to prevail on a claim of malicious prosecution and/or false imprisonment under Connecticut law, the plaintiff must first show the initiation of a prosecution and/or an intentional confinement without his consent. In this case, there has been no initiation of prosecution, nor any confinement as it relates to the Danbury charges. In addition, the plaintiff must also prove a favorable termination of the underlying criminal charges. Since the criminal charges have not been initiated, no favorable termination could be alleged or proven.

The plaintiff's defamation claim is also fatally defective. The only participation by employees of Danbury Porsche relates to the photograph identification of a person who stole a motor vehicle from Danbury Porsche. There is no evidence that any of the defendants falsely published a statement to a third party that the plaintiff committed a crime. Even if an identification could be construed as a potentially-defamatory statement, the defendants have either an absolute or qualified privilege in making a statement to the police regarding criminal conduct.

Finally, there is no basis in fact or law for any claim that Danbury Porsche failed to train or supervise its employees. In fact, it is difficult to comprehend a factual basis that would suggest a need for training and supervising employees as it relates to reporting criminal conduct.

Should the Court require any additional information, the undersigned will be happy to comply.

Very truly yours,

Brian P. Leaming

BPL/cmb
cc: Shawn Cammorto
485085.1(HS-FP)