```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SHAWN CAMMORTO,                 :
                                :
    Plaintiff,                  :
                                :
    v.                          :         CASE NO.  3:02CV847(RNC)
                                :
DANBURY PORSCHE, ET AL.,        :
                                :
    Defendants.                 :


RECOMMENDED RULING ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

In May 2002, the plaintiff, Shawn Cammorto, proceeding pro se, commenced this diversity action against Danbury Porsche, Josh Weeks ("Weeks"), the owner of the car dealership, and Paul Burkman ("Burkman"), Michael Killeen ("Killeen") and Bill Kahn ("Kahn"),[1] employees of Danbury Porsche. Pending before the court is a motion for summary judgment filed by Danbury Porsche, Weeks and Burkman. (Doc. #39.)  The plaintiff did not file a response to the defendants' summary judgment motion.  For the reasons that follow, the court recommends that the motion be granted.

_____

[1] Defendants Killeen and Kahn have not been served. Because the plaintiff has failed to show either proof of service or good cause as to why service has not been made, as ordered by the court on August 27, 2003, see doc. #31, the action as to these defendants should be dismissed.

I.   <u>Factual Background</u>[2]

On October 23, 2001, an individual identifying himself as Michael Miller ("Miller") visited Danbury Porsche. Miller spoke to defendant Killeen, a salesman. Defendant Burkman, a sales manager, joined the conversation and asked another employee to bring a 2001 Porsche 911 C4 Coupe for Miller to examine. Killen started the ignition and Miller sat in the vehicle. When Killeen stepped away to speak to Burkman, Killeen heard tires squealing and saw Miller drive off in the car. Killeen called the Danbury Police Department to report the theft.

At different times in November 2001, Killeen and Burkman reviewed photo arrays at the Danbury Police Department and identified the individual who had called himself Miller. Officer Detective-Sergeant Randolph Salazar, who is not a named defendant, prepared an arrest warrant (the "Danbury warrant") charging the plaintiff with Larceny in the First Degree. On November 21, 2001, the arrest warrant was signed by a Connecticut Superior Court Judge. The plaintiff, however, was never arrested on the warrant

---

[2]The following facts are taken from the defendants' Local Rule 56(a)1 statement. On February 27, 2004, the court issued a "Notice and Order to <u>Pro Se</u> Litigant" informing the plaintiff of his obligations as the nonmovant under Fed. R. Civ. P. 56. The notice advised the plaintiff to respond to defendants' Local Rule 56(a)1 statement with a Local Rule 56(a)2 statement or the facts asserted by defendants in their 56(a)1 statement would be deemed admitted. (Doc. #45.) Because the plaintiff failed to file a Local Rule 56(a)2 statement, facts contained in the defendants' Local Rule 56(a)1 statement are deemed admitted.

because he already was incarcerated in a correctional facility in New York on unrelated charges.³ The Danbury arrest warrant has not been served on the plaintiff and remains on file with the Danbury Police Department. No detainer has been lodged against the plaintiff as a result of the Danbury warrant.

II. Summary Judgment Standard

Summary judgment is appropriate when the evidence, viewed fully and most favorably to the nonmovant, raises no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden on the moving party "may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once this burden has been met, "the burden shifts to the non-moving party to raise triable issues of fact." Larsen v. The Prudential Insurance Company of America, 151 F. Supp.2d 167, 171 (D.Conn. 2001). If the non-moving party then fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment should be granted. Celotex Corp., 477 U.S. at 322. A pro se litigant's pleadings are liberally construed to "raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

---

³The plaintiff is eligible for parole in August 2005.

III. <u>Discussion</u>

The plaintiff alleges in his complaint that the defendants, "acting through Josh Weeks, owner and president of Danbury Porsche," erroneously identified him as Miller, the individual who stole the Porsche, and that he has been wrongfully incarcerated since October 30, 2001 because of the ensuing Danbury arrest warrant.  The plaintiff asserts claims of malicious prosecution, false imprisonment, failure to train and supervise and defamation.

The defendants are entitled to summary judgment on the plaintiff's claims sounding in malicious prosecution.  "An action for malicious prosecution against a private person requires a plaintiff to prove that:  (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice . . . ."  <u>McHale v. W.B.S. Corporation</u>, 187 Conn. 444, 447 (1982).  The defendants are entitled to summary judgment because the plaintiff cannot establish at least one essential element of his malicious prosecution claim -- the termination of the criminal proceedings in his favor.  In addition, the defendants' mere identification does not constitute the procurement of a criminal prosecution. <u>See</u> <u>Brice v. Nkaru</u>, 220 F.3d 233, 237 (4th Cir. 2000) (defendant security guard did not

"institute" or "procure" any criminal prosecution, for purposes of liability for malicious prosecution, where he simply reported occurrence of a crime to police and identified plaintiff as a suspect from an array of photographs).

The defendants also are entitled to summary judgment as to the plaintiff's claim alleging false imprisonment. "False imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another. . . . False imprisonment is categorized as an intentional tort for which the remedy at common law was an action for trespass." Lo Sacco v. Young, 20 Conn. App. 6, 19-20 (1989). Because there is no genuine issue of material fact to show that the defendants unlawfully restrained the plaintiff's physical liberty, the defendants are entitled to summary judgment.

Summary judgment should be granted in favor of the defendants Weeks and Danbury Porsche on the plaintiff's claim asserting "negative supervision and training." (Amended Compl. ¶3.) The plaintiff has not set forth any facts that can be construed to involve the dealership and/or its owner. In addition, the claim fails because there is no liability as to the defendant employees.

Finally, the plaintiff appears to allege a claim of defamation arising from Killeen and Burkman's identification of him. The defendants' identification of the plaintiff from the photo array is subject to, at least, qualified privilege. Mendez v. Vonroll

Isola, U.S.A., Inc., No. CV 020462113S, 2004 WL 944516, at *6 (Conn. Super. Apr. 8, 2004); King v. Cablevision Systems of S. Conn. Ltd. P'ship, No. CV 940135727S, 1998 WL 556162, at *3 (Conn. Super. Aug. 24, 1998).  A qualified privilege may be defeated if a plaintiff establishes that the defamatory statements were false and uttered with malice.  Miles v. Perry, 11 Conn. App. 584, 610 n.8 (1987).  The plaintiff has failed to offer any evidence that the defendants acted with malice when they identified him. Accordingly, the defendants are entitled to summary judgment. Western Connecticut Collision Corp. v. Greentree Motors of Danbury, Inc., No. X06CV010344093S, 2003 WL 23025580, at *4-5 (Conn.Super. Dec. 8, 2003)(granting summary judgment in favor of defendants where, in opposition to defendants' summary judgment motion which asserted a claim of conditional privilege, plaintiff did not offer any facts that defendants made statements with malice, improper motive or bad faith).

IV. Conclusion

For these reasons, the court recommends that the defendants' motion for summary judgment (doc. #39) be granted.  The court further recommends that the action be dismissed as to defendants Killen and Kahn.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of

Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut. Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of the decision. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 30th day of August, 2004.

```
          /s/
    _____
    Donna F. Martinez
    United States Magistrate Judge
```